IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 4:05CR3078-1 |
| | ) | |
| Plaintiff, | ) | **MEMORANDUM** |
| vs. | ) | **AND ORDER** |
| | ) | |
| EARL M. JOSEPH, | ) | |
| | ) | |
| Defendant. | ) | |

    This matter is before the court on a report and recommendation by Magistrate Judge Piester (filing 32), recommending denial of Defendant's motion to suppress (filing 23). Judge Piester's findings and conclusions were announced at the end of the evidentiary hearing that he conducted on November 2, 2005. See Transcript (filing 36) at 98-103. No statement of objections has been filed pursuant to NECrimR 57.3 and 28 U.S.C. § 636(b)(1).

    I have conducted a de novo review of the record. I find that inasmuch as the Magistrate Judge has fully, carefully, and correctly found the facts and applied the law, the report and recommendation should be adopted and Defendant's motion to suppress should be denied in all respects.

    In addition to the matters stated by Judge Piester, I specifically find that once the officer observed the cellophane-wrapped package hidden behind the rental vehicle's rear bumper (during the course of a consensual search), there was probable cause that the vehicle was being used to transport illegal drugs. A search warrant was not required to remove the bumper following Defendant's arrest, even though the vehicle was towed to a garage for the completion of the search. See Chambers v. Maroney, 399 U.S. 42, 51 (1970) (automobile exception to warrant requirement continued to apply after vehicle was towed to police station); United States v.

Casares-Cardenas, 14 F.3d 1283, 1286-87 (8th Cir. 1994) (once probable cause for search of vehicle has been established, the search need not be completed on the shoulder of the road); United States v. Chaidez, 906 F.2d 377, 383-84 (8th Cir. 1990) (once consensual search produced a reasonable articulable suspicion that automobile contained contraband, officer had probable cause to search entire vehicle, which was performed after defendant was removed from the scene and vehicle was towed to police garage).

    IT IS ORDERED that:

1. the Magistrate Judge's report and recommendation (filing 32) is adopted; and

2. Defendant's motion to suppress (filing 23) is denied in all respects.


November 30, 2005.                    BY THE COURT:

                                       s/ *Richard G. Kopf*
                                       United States District Judge